Hagee again May it please the court council My name is Stacey Hagee and again. I'm representing. I'm here on behalf of the appellants in this matter The state contractors excise tax on the non-indian contractor is not preempted because as recognized by the Ninth Circuit Court of Appeals The Indian Gaming Regulatory Act does not comprehensively regulate construction contractors Additionally the Flandreau Santee Sioux Tribe has failed to show that the remaining federal and tribal interests justify preemption of the state tax here Now this construction project at issue includes a 21 or 24 million dollar expansion and renovation of the casino and its ancillary businesses Such as a hotel restaurant bar administration building VIP lounge and casino floor The tribe entered into a contract with an out-of-town Contractor to perform these construction services and agreed to pay the contractor for a legally imposed taxes The legal incidence of the contractors excise tax is on the contractor and essentially there are no exemptions that means for Construction work done on Indian reservation for the federal government the contractor in that case is still subject to the contractors excise tax Now there's a reference in in the brief to an exemption from The contractor excise tax for work on the tribe Which apparently is a tie-in of other federal regulations that I'm not familiar with what just explain What are the other federal regulations? And what do they permit and so forth? so the didn't exist and This contractor wanted that exemption. What would have to be shown and where would what would the remedy be for if it was denied? so the state looks at if a contractor is doing work for An Indian tribe on the reservation they submit a contract an Indian country request for exemption in that case the state under Bracker Looks at each of these under a case-by-case basis determine for instance whether there's comprehensive and federal regulation of the taxed activity The department has made the determination that this exists regarding tribal hospitals tribal housing projects and tribal schools under the Rama case if there's an exclusively state administered exemption applying Bracker principles and looking at whether the federal gaming regulators Would what I don't know what considers it what it is, so it's not relief is It a federal regulator regulated exit is is the reg is the exemption driven by federal regulation or is it it isn't The way the state administers its tax it is driven by the federal regulation your honor while we caught What would prevent that? What would what would what in the where in the federal regs would the state be required to grant an exemption? we believe we We have to look to Bracker if the Bracker is judicial I mean it was are there are there BIA or D or DOI regulations that address this issue Not to my knowledge your honor Okay, this is a state applying federal federal judicial law correct your honor and while the state calls it an exemption It's not really an exemption under state law. It's a state trying to Make a system to apply the federal law And you look at you look at federal regulations that govern the Subject of the tax to see whether there is a comprehensive Scheme for example that would Would lead you would lead you to think that Bracker requires this quote-unquote exemption Correct your honor and in addition to the comprehensive and pervasive federal regulation the state would also look to whether there's tribal interests Involved and in that instance the state has in the past exempted tribal government buildings because the state views those as Buildings that affect the tribal's right to govern itself and make their laws and be ruled by them any written opinion When it makes this determination, or is it just a yes-or-no? Conclusion it's a yes-or-no conclusion your honor It's the only time you explain it as in litigation like this apparently. There's no opinion letter for example from No, your honor official. No your honor As in Gerlach The question the first question is whether it were preempts this tax outright if a girl does not preempt the tax then we again We look to whether Bracker preempts the tax here again neither justified preemption the lower court ruled that a grip ramps the state tax on the contractor because Agra comprehensively regulates Indian gaming and there's no room for the state tax But agra again is only aimed at the gaming it is not comprehensive regulation of the construction of the casino buildings structures hotels and restaurants Again, keep in mind the specific Transaction the state is taxing the contractors construction services Does it matter what they're constructing based on the discussion you've had about the way the state applies the exemption? It seems like in theory you could have a different answer if they were just constructing The casino where the gaming is Versus other buildings. Is that a distinction that the state would make you think? Not in the context of the casino here because the agra does not regulate that activity now that does come into play and again in the the topics I mentioned such as a school where the There's a regulation of the actual construct contractors work So this and and remind me this construction was of the you said the casino floor, but also other Amenities, so it's sort of a conglomeration. Is it would what if they'd carved out? What if they've carved out just the casino floor part? Is that a stronger argument for the exemption then given the examples? And it's just the amenities that are added into the construction plan I don't think it's a stronger argument by any means because we still have to look at the federal regulations of that activity and Here there is none The lower courts decision actually highlights this It's actually evident through the lower courts decision because as cited by the lower court Agra requires that the tribe enact an ordinance regarding constructing and make the construction and maintenance of the facility that it's done in a Adequately protects protects the public if work is going on in a casino. It's the tribe that has to protect its patrons from that ongoing construction Also while there's federal regulations those federal regulations require the tribe to submit a phyllis a facility license near neither of these actually impose any regulations or Restrictions on the on the contract or its work those are aimed at the tribe Is there has been any litigation I'm back to this federal regulation it sounds to me like the contractor here Could have sued for the denial of an exemption Either state court or federal court conceivably tribal court and didn't do so The contractor has a remedy through the state administrative process and through the state circuit court and state supreme court and where where would the Bracker decision be made be be reviewed That probably by an administrative hearing officer. They usually say I can't get into constitutional issues The state circuit court could take that issue up as it has that ever has that ever been Does there been any litigation of that kind? No, the tribe did not pursue a hearing through the or the excuse me the contractor did not request a hearing on the denial Or go on this. I mean in any has it ever Has it ever had has any any contractor ever taken the denial of this exemption to court Not to my knowledge if it's the Bracker analysis that applies then the US Supreme Court would have certiorari jurisdiction over a state court decision denying the exemption so there Looks to me like there's an exhaustion of remedies problem here Yes, there, I mean the tribe jumps in and And sues when you say that and I think the tribe admits the incidences on the is on the contractor Yes, your contractor pursued remedies and then rather than pursue them to the US Supreme Court the tribe jumped into federal district court Is that a fair that is that is fair description the contractor has never brought suit In this instance well in that well actually that that suit could could raise a gray as well as Bracker since everybody agrees that they're sort of side-by-side issues not Neither neither subsumes or consumes the other Absolutely, your honor presumably and if this igra challenge could have been raised by the contractor. Absolutely your honor Here again ye highlights that igra is a gambling regulation statute not a code governing construction contractors in Bracker you had You had regulations imposed on the taxpayer in that case you had federal regulations Such as the taxpayer was required to repair maintain and build roads There are load and load restrictions imposed on the taxpayer and mandatory contract terms on the taxpayer the same as in Rama There the federal regulations were imposed on the taxpayer The federal regulations included wage requirements on the contractor and contract requirements on the contractor now There is a type of contract that igra extensively regulates management compacts management contracts But the tribe has not contended that this is a management contract Next the contractors work does not fall in the scope of the tribal government governance of gaming This case is similar to Ledyard where a vendor's ownership of a slot machine located in a tribal casino Did not qualify as gaming and taxing that slot machine did not interfere with the tribes governance of gaming You can also consider igra in a criminal context igra covers crimes related to gaming It doesn't cover all crimes just because they occurred in a in a casino Now Steer by the Gerlach courts and correct analysis of the catch-all provision the lower court here ruled that the construction and renovation of the casino and ancillary businesses fell within the catch-all provision Again as in the earlier argument today at the lower courts broad interpretation of the catch-all provision Must be rejected because it extends the catch-all provision past this courts recognized scope of igra Which is the tribal governance of gaming this overextension is especially evident in the contractors work on the net ancillary businesses? under section section 9.2 of the compact 21 year old under those under 21 are not allowed on the premises where gaming is conducted Yet here in this case. There is no assertion that individuals can't be in the hotel or restaurant the ancillary businesses here Thus these businesses can't be considered premises where the gaming is conducted Again the but-for test the court held that the but-for test Applied and that but for the casino the project would not exist and conversely but for the project the casino could not operate For reasons articulated in the Gerlach oral argument the lower court erred in applying this test It would also require the state to determine that at what point the construction is necessary or unnecessary for a casino to continue operating This goes against the Supreme Court's principle noted in Chickasaw, which is that tax administration requires predictability? Now as to Bracker The Court primarily relied upon a general federal and tribal interest in tribal economic development But this again conflicts with the unappealed portion of the Gerlach decision that tribal sovereignty and tribal economic Development are insufficient to bar the state tax Here the contractor does not have a say in tribal affairs or share in any of the tribal disbursements but this is this this enterprise is one of the key revenue Spots for the tribe, right? So it is it is the focus of what? The the tribal sovereignty is all about, right? That could be said for any tribal venture by a tribal government and government So you don't think that it's a that the fact that it's the casino and it's the casino operation and it is The key source of revenue that that sets it in any way Apart or different from another type of revenue generating business No, your honor. I do not believe it sets it apart here. This is again the tax on the contractor And it's comparable to cotton petroleum where which stated that through the enactment of certain federal legislation Congress sought to provide tribes with a profitable source of revenue But there's no evidence for further supposition that that Congress and intended to remove all barriers To profit maximization the same can be said about a graph The lower court seemed to require some sort of tax Manipulation and to occur in order for the state to retain its taxation jurisdiction over non-members This is not supported by ye He does not state that without the rigging of a tax exemption the federal interest in a tribes economic vitality Would defeat an otherwise state legitimate state tax It used the tax manipulation to further diminish the otherwise the federal and tribal interests that were already diminished Not to justify preemption on its own Plus placing a requirement of Unpredictability states have to be able to administer their their state tax on non-indian contractors Regarding the state's interest in the bracker balancing test the lower court erred and discounting the state services Because of a lack of nexus between the contractor and the state services Weren't those state services just general state services that were not necessarily linked to this activity And I believe that's where the lower court went and saying that there was not that link But this nexus requirement conflicts with the the lower court or the Gerlach courts unappealed decision Which did not require that nexus in that case the Gerlach court recognized that South Dakota residents generally benefit from the state services and Noted that the relevant services under a bracker analysis include both services on and off reservation This is especially appropriate given the contractor shop in this case is located in Sioux Falls, South Dakota Which is approximately 35 miles away from the project site? State services provided to employees as they travel between the shop and the project site are certainly appropriate to consider here It is not necessary to quantify the services actually provided Requiring a quantification would be inappropriate as it would fail to recognize that tomorrow a Contractor and its employees could use these services tomorrow an employee could sue the contractor in state court For not paying in the wages from this construction project Tomorrow an employee could get hurt at this project and use ambulance services and emergency technicians and go to an off-reservation Healthcare facility all of which utilize state general funds to which this tax goes into The legal incidence of this tax is on the contractor the lower courts decision conflicts with ye That construction contractors fall outside of a grist preemptive scope If you have no further questions, I would reserve my remaining time for rebuttal Mr.. Chairman I Morning your honors. My name is Seth pyramid and I represent the finder Santy Sioux tribe in this matter the purpose of the Indian Gaming Regulatory Act is to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development Self-sufficiency and strong tribal governments and in doing so Ensures that the Indian tribe is the primary beneficiary of the gaming operation This is enumerated in legislative history of the act and in the actual language of vigor itself the state attempted imposition of contractors excise tax in this matter is preempted by IGRA and Allowing such a position frustrates the intent of IGRA's passage and causes harm to the tribe There are two barriers that stand in the way of the state exercising its taxing authority on the non-indian contractor in this situation and the first being preemption and the second is whether or not the Infringement would infringe on the right of the reservation Indians to make their laws and to be ruled by them Why aren't there standing and exhaustion problems here? Excuse me your honor. Why aren't there standing and exhaustion problems here when the contractor had a Available remedy to raise all these federal issues In this instance the tribe after that after it was denied the certification it exercised its authority under X part not excuse me not authority but its rights under X part a young and Went straight to the federal courts to have this matter resolved and endorsing Whitney it determined. What is the standing? The standing for the tribe. It's an indirect revenue impact What why the tribe is that was not a party to the to the? the tax Well, I mean it was indirectly a party because it agreed to pick up the tab Does that and even if even if that if that gives the tribe standing why is why doesn't the why isn't the proper? Why isn't the exhaustion of the of the tax exemption? process required Your honor in this situation. We believe that both could have been could have hemp excuse me could have happened If we go and look at Rama, which is a very controlling case in this matter in that instance it was a school board who actually brought the case against the state and in that instance the school board was fighting a Gas tax that was being or excuse me of a contractor's excise tax on grocery seats on the construction of that project and in doing So they determined the court that there was an entirely federally preemptive scope because of the Indian Self-determination and Education Act and therefore the state was unable to impose its tax because it did have a direct Economic burden on the tribe and would impact the overall programming of that school. This is the same situation here Whether or not the state Imposes the legal incidence on the the contractor to collect that tax and remit it the court in our case found that that economic burden falls directly on the tribe and in doing so it has a Couple of different instances where it directly benefits us The first is that the project itself has less money to operate and the scope of the project was therefore diminished and Secondly anything remaining and again the tribe uses these excess funds to actually fund around You know for an if it was four hundred fifty thousand dollars representing two percent of the overall tax That's about two percent of the overall tribal budget And if it's unable to do that's a large impact on its programming that it offers to tribal members and the community Again when we look at the overall scope of IGRA itself It is incredibly preemptive and endorsing Whitney this circuit held that to be true in that instance or to further that principle because We have to take a step back and look at exactly why IGRA was passed and in the certain circumstances it was In this instance Congress looked at the three governmental bodies and determined exactly what roles and responsibilities each should have In a California versus cabazon that came out right before IGRA The con or excuse me the Supreme Court determined that these states should have no No impact or no role in the operation of gaming on the Indian Reservation So Congress at that point took a look at that ruling and set aside certain responsibilities for each of the parties If doing this conferred the only benefit or excuse me conferred the only Authority under the state in the instance to be within the compacting process It reserves some of the responsibilities itself and everything else is Delegated to the tribe. Was there any hint in Carbazan that the court was addressing state taxation of non-member activity Not expressly your honor, but again It could be implied because it says that the entire field was preempted and this We Okay, but excuse me that the Indian Okay, I thought it was more that you can't they states can't tax tribes Including tribe tribal gaming. Well, it determined in that case that the state's Regulatory scheme in California would not have any or could not have an impact on the operation of gaming in for the cabazon tribe Again if we go beyond just the general overall scope of a girl we find certain instances within the Indian Gaming Regulatory Act itself That specifically deal with construction and the maintenance of facilities the building centers found a 25 USC 2710 B to E Regulates the operation of class 2 gaming and it says specifically that the chairman that meaning the chairman of the NIGC and not not Chairman of the tribe must approve a tribal resolution that provides for the construction and maintenance of gaming facility and the operation of that gaming and to ensure that the Operation of that gaming is conducted in a manner which adequately protects the environment and the public health and safety this again in our Note that would be a different portion of the the statute that actually determines what Can be used for if you look at a girl as a whole as it pertains to revenue every bit of revenue that comes out of a casino is regulated so for instance if the tribe were to To handle the state brought up a management contract It states that if money from the casino operation is going to another party and they control an overall interest in in the operation of that facility that only a certain amount can be handled and that this the NIGC must approve that contract Comprehensively regulates what what the tribe does with the profits it does there are five sections of the tribes that Support other tribes in a pro bono type manner and and those that don't The NIGC signs off on every on every decision It signs off on exactly what it can be spent for your honor not every decision For instance, it could be spent on local government So the tribe could elect to give the local government a portion of its funding It could be spent on economic development interest of the tribe. It can be spent on government operations it can go to tribal members in the event that a revenue allocation plan is approved by the Bureau of Indian Affairs and And Again, those are again show the concept that every bit of money that's coming out of that facility must be regulated in addition to that The tribe is required to file an annual audit with the NIGC which provides That an outside contractor excuse me audit firm Must come in and make sure that all of the books are in compliance with the actual financial statements And that is again another instance in which the Indian Gaming Regulatory Act and the federal government Make sure that every bit of money is accounted for and used in accordance with the act itself To continue although this the first section that I read regarding the maintenance standards of class 2 operations Are specific to that section if you go a bit further in the act itself in d1 or excuse me 2710 d1 a 2 It clarifies that these same standards must apply to class 3 facilities as well So again being that the Royal River Casino is a class 3 facility We would say that these same standards are applicable applicable there If you then jump into the actual federal The further licensing requirements of the federal government itself in 25 CFR part 559 entitled facility license notifications and and submissions the tribe itself must also then Certify through its gaming Commission that the facility meets the safety requirements of the acts that we discussed or excuse me of the sections that we discussed above the NIGC then reserves the right to inspect the property at any time and within that statute if If the tribe fails to meet those maintenance and safety precautions and building standards Then the NIGC has the ability to find the casino and to shut it down So again because this activity is delegated to the tribe it is preempted by the attempted Imposition of standards by the state is preemptive Except in the event that they were to utilize the state and tribal compact to institute some building or safety standards Which is an approved? one of the seven approved Areas in which a tribe and the state can compact So we believe that subsection six would be the one that is most on point in this situation and that provides specifically that For the standards of operation of such activity and maintenance of the gaming facility So in the event that the state believed that the tribe should follow the most most up-to-date building code and universal building code If there was a specific situation that needed to be addressed that hadn't been before that is a matter that could have been brought up in the compact process to go further the section the subsection seven of that same section also states that any other subject that are directly related to the Operation of gaming activities and is often referred to as the catch-all provision So the catch-all provision the test to determine like we discussed before To determine whether the activity is related to gaming comes out of Coyote Valley, too And that's the but for the tribes gaming activities the construction project would not exist And it would have to show that the tribe could not operate its gaming activities without the construction or renovation So in this instance the court dealt dealt right into the overall Structure of that but for test and finding that there wasn't another test that was The boat was applicable to the solution they adopted that standard and They said the first part of that test is clear if no casino existed, then there would not be a need to renovate it That's pretty straightforward in the facts and the court believed that the second was a bit more nuanced and stated did the tribe Focus really on did the tribe need to do the renovation project and in this instance wouldn't the tribe? Position and the court found that it had to do this project Would we go back to the overall intent of Igor it was to provide for a safe environment for the tribe and for patrons to Gamble in accordance with the act in this situation the tribe depends on 40% Or the casino is 40% of the tribes overall annual budget, which is a large Obviously a large percentage of that and it again takes those programmings those bare-boned federal programs to make them fully functional and operational within our jurisdiction This also funds various programming and salaries throughout the entire Tribe and consider tribe itself and it would leave us in a real pinch if we weren't able to use those gaming revenues to actually facilitate our government operations Secondarily, but it looks at the actual met 2% 2% of this contractors Role in the renovation somehow puts the tribe at risk financially It Seems to me there's a Lot of a lot of hyperbole flying around here It does have a direct economic impact on the project and the tribe itself. Not only was this project The other 98% of what they're paying the contractor Absolute all in order to increase revenues and profits down the road or else it's a or else they've made a bad decision Absolutely, your honor and in doing so the tribe definitely assessed whether or not it needed to the charge executive committee being a governing body Determined whether or not that project must happen and again when we look at whether or not in the record that if the contractor Hadn't if he didn't get the exemption they'd back off the project. No Not the project as a whole and again, they contemplate. I'm sure they made the decision contemplating that this 2% may be at risk or in play Yes, and at that point the executive committee determined that it would contest those overall the imposition of those taxes and in doing so Would continue to meet the objectives of the Indian Gaming Regulatory Act to provide for those standards of maintenance and safety This property was built in 1997 and has not had a substantial renovation It's mechanical systems are failing its parking lot needs to be replaced There are various things that are in the new roof had to be put in in that instance It was a requirement that the tribe do this So in the event that something catastrophic would happen It wouldn't force closure or finding and again the 40% that I was bringing up was just to indicate how important the casinos Finances to the tribe are in the overall scheme of the tribal operation So again, the court went further and said that again without this construction project The tribe would be unable to operate its facility within the scope and the requirements of the Indian Gaming Regulatory Act If we go even further and then look at the second test the court Excuse me. Let me back up just a second endorsing the Whitney It's stated that if the Indian Gaming Regulatory Act if the court found that it was preemptive of the matter that there was no need to balance but in this instance Judge Schreier did go into the actual second step of Bracker announcements to determine whether or not this state activity infringed on the operation or on the Ability of the tribe to make their own laws and to be ruled by them in the court when balancing the interests of the state the federal government and the tribe looked at a variety of issues to determine whether or Not the certain exercise of state authority would violate this law And it determined that when again looking at some of the services and other things that are actually provided to the project that the state's interest was and Burdened showing that it actually was providing and deserve this tax had not been met State jurisdiction again, if we look back at the best example I think in this instance is city of Duluth versus Fond du Lac band of Lake Superior Indians and in that instance the city was imposing a rent or a lease payment on the operation of the facility By the Fond du Lac band and it determined that Because that amount was so much higher than the actual benefit the tribe was receiving That the tribe or that the state would not be able to Impose that I think it was six million dollars and the operation itself was generating a number far less than that so it was actually impeding the operation of gaming and had changed the Benefit from the Indy Gaming Regulatory Act of the tribe being the sole proprietary interest to then benefiting the state for An obvious person that's outside of the overall scope Again, if we go back to another case in the Eighth Circuit and we look at the Marty Indian school case in that instance The state was attempting to oppose a fuel tax on the school On the school's use of vehicles in that situation again, the court in the Eighth Circuit took a look at Rama itself Determined that the scope of the Indian Self-determination Education Act was preemptive in this field and as it pertained to the second part that the state Services that were being provided to the overall project were not persuasive They stated that they gave a few roads and things like that And again the state made the same Same argument in this case that by providing roads to the project again It would benefit the tribe those roads were not built to benefit this project those roads were built and to benefit the general population of the state and again the Lower court determined that that was not a persuasive argument The other instances within the contractors excise tax itself that the state that I'd like to bring up is that first? The contractors excise tax is a tax on gross receipts the project's location is where the state Is exactly where the state says the tax is imposed the project location is in Indian country at our gaming facility That is an undisputed fact When we go even further it states that the collected revenue from that matter goes to the general fund And then it's the state further says that some of the services that it provides the project Generated from the are not generated from the the general fund itself So when they talk about licensing of engineers lawyers things like that The lower court found that unpersuasive in that all of those all of the licensing requirements of those positions were generally applicable to all professions are taught those professions across the state and Most of those have a fee associated with them Secondarily when it pertains to all the regulation of this project the tribe is bearing the cost of the project itself and is paying people to come in and Geotech for instance is testing the geotechnical Standards for the materials used in the project it has HDR secondary engineering company come in and review payment applications its architect has been tasked with reviewing construction as it goes and The tribe even goes further to actually provide surveillance security storage and a few other things that Actually benefit the project far beyond any of the the smaller miniscule things that the state portrays the state's Even when they for instance the licensing of electrical engineers when a permit is pulled in that instance an inspection is done The tribe pays for that inspection Even if it doesn't pay for it directly that comes through a payment application, which is absolutely borne by the tribe One other thing that I'd like to address is that in this instance the state said that this is a non-indian contractor we agree and that the contract documents state that if the contractors able to utilize its shop to construct some of the opportunities to construct some of the projects or what it can do It should that's a standard a a form document that is Intended to benefit the overall project by being more efficient in this instance. This is a renovation of an existing facility everything in the record indicates this All of the activities related to construction are done on the reservation at the property You can't renovate a building by building things within the shop itself Again, I see that my time is expiring. I thank you all for your time today, and I would stand by for any questions Thank you Rebuttal is hanging The tribe says you can't renovate the building without being there, but you also can't renovate the building without driving from Sioux Falls in this instance to the construction project Now the tribe wants you to look at the economic incidence of the tax but the 10th circuit in Seminole tribe versus Strandberg were warned against treating economically inevitable pastors the same as Legally a legally mandatory pass-through the court highlighted the Supreme Court's ruling in Chickasaw Nation Which insisted on mandatory legal requirements over economic realities no matter how automatic those realities? Maybe that's found at page 1350 There's nothing in cabazon regarding the state's taxation of non-members cabazon related to the state's trying to impose gambling regulations on a tribe igra addressed that scenario Absent from the tribes argument our federal regulations that are imposed on the contractor and such that would leave no room for the state tax on the contractor The tribe also points to the city of Duluth case in that case there was 75 million dollars in payments going from the tribe to the city and also in that case It was an issue whether the tribe had the sole proprietary interest in the in the gaming That that case is not what we have here. We're not talking about 75 million dollars in payments to the state But the tribe also talked about Marty But in that case the state was trying to impose a tax on the tribe that tax is categorically preempted regardless of any breaker and Bracker analysis absent congressional authorization the state could not have imposed that tax Now acre preempts the state tax on the gaming proceeds Agra does not preempt a tax on the construction project here What's more concerning is that there's the tribes open-ended position that anything that would deflate its revenues is preempted Interpreting the catch-all provision broadly again to an preempt state jurisdiction over the non-tribal member contractor in this case Would again permit the state to increase its jurisdiction over tribes through the compacting process The state respectfully requests the lower courts decision be reversed If there's no further questions, I will sit Thank You counsel, thank you. Once again, the case has been very well argued and thoroughly briefed Important we'll take it under advisement Please call the last case for argument The fifth and final case today is 1810 86 district of Minnesota the Midwest disability initiative at all the Jan's enterprises at all